IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAYMOND WOOD, SR., | § | |
| | § | No. 224, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID 1304026601 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 27, 2015
Decided: September 10, 2015

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

This 10th day of September 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Raymond Wood, filed this appeal from the Superior Court's opinion and order dated March 19, 2015, denying his first motion for postconviction relief. The State has filed a motion to affirm the trial court's judgment on the ground that it is manifest on the face of Wood's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Wood pled guilty in September 2008 to multiple drug-related crimes, including Trafficking in Cocaine and

Possession with Intent to Deliver. The Superior Court sentenced Wood to a total period of thirty-seven years at Level V incarceration, to be suspended after serving sixteen years in prison for decreasing levels of supervision. Wood did not file a direct appeal. Instead, in July 2014, Wood filed a motion for postconviction relief. He argued that he was entitled to withdraw his guilty plea based on newly discovered evidence of misconduct at the State agency formerly known as the Office of the Chief Medical Examiner ("OCME"). The Superior Court denied Wood's motion on December 1, 2014. This appeal followed.

(3) After the Superior Court issued the decision below in Wood's case, this Court issued an opinion in January 2015 in the case of *Ira Brown v. State.*[1] In *Ira Brown*, among other things, we rejected the defendant's postconviction claim that he was entitled to withdraw his guilty plea based on the newly discovered evidence of misconduct at the OCME. In the context of that case, we held that Ira Brown's knowing, intelligent, and voluntary guilty plea waived any right to test the chain of custody of the drug evidence.[2]

---

[1] *Ira Brown v. State*, 108 A.3d 1201 (Del. 2015).
[2] *Id.* at 1205-06.

(4)  Our decision in *Ira Brown v. State* controls the outcome of Wood's appeal.[3]  As the Superior Court found, the guilty plea colloquy in this case reflects that Wood entered his guilty plea knowingly, intelligently, and voluntarily.  Thus, Wood is bound by the statements he made to the Superior Court before his plea was accepted.  He is precluded from reopening his case to make claims that do not address his guilt and involve impeachment evidence that would only be relevant at a trial.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[3] To the extent Wood's opening brief raises a due process claim challenging a 2014 amendment to Superior Court Criminal Rule 61, Wood failed to raise that claim in the Superior Court in the first instance.  Accordingly, under Supreme Court Rule 8, we will not consider it for the first time on appeal.

[4] *Ira Brown v. State*, 108 A.3d at 1206.